IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02116-RBJ-NYW

LOUIS PEOPLES JR.,

    Plaintiff,

v.

JEFF LONG, Warden,
DENNY OWENS, Major, and
CYRUS CLARKSON, Captain,

    Defendants.

---

ORDER on MOTION TO DISMISS

---

Defendants move to dismiss this case under Fed. R. Civ. P. 12(b)(1) and 12(b)((6). The motion is granted in part and denied in part.

## BACKGROUND

Mr. Peoples is an inmate in the Sterling Correctional Facility, a part of the Colorado Department of Corrections. In this suit he claims that the three defendants have violated his constitutional rights under the Eighth Amendment by (1) forcing him to work in the facility's kitchen during the COVID-19 pandemic, despite his age (66) and medical condition (asthma, heart disease, diabetes, epilepsy, hypertension and vision impairment); and (2) failing to implement adequate measures to protect him (and other inmates) from the disease. ECF No. 1. Plaintiff seeks declaratory and injunctive relief. Defendants move to dismiss his first claim as moot because he has been removed from kitchen duties and to dismiss the second claim based on certain information outside the pleadings that shows that the facility has implemented a number of procedures. ECF No. 20.

1

The motion to dismiss was fully briefed, and the Court referred the motion to United States Magistrate Judge Nina Y. Wang for a report and recommendation. Judge Wang issued a detailed 27-page order on December 16, 2020, in which she recommended that plaintiff's first claim be dismissed without prejudice for lack of standing; that plaintiff's second claim be dismissed with prejudice insofar as it asserted claims against the defendants in their individual capacities; that any relief sought by the plaintiff related to the fact or duration of his imprisonment (which was raised in his response to the motion, not in his complaint) be dismissed with prejudice; but that plaintiff's § 1983 claim for deliberate indifference in violation of the Eighth Amendment related to defendants' failure to implement adequate preventative measures to protect him from COVID-19 be permitted to proceed. ECF No. 30.

Defendants filed a timely objection to the latter recommendation. ECF No. 33. No objection to any other part of the recommendation was filed.

## STANDARD OF REVIEW

This Court reviews de novo any timely objection to a magistrate judge recommendation on a dispositive motion. Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## CONCLUSIONS

There was no objection to the magistrate judge's recommendation that plaintiff's first claim be dismissed for lack of standing; that his second claim be dismissed to the extent that it is asserted against the defendants in their individual capacities; and that the claims plaintiff attempted to raise in his response brief be dismissed. This Court finds no clear error of fact or law and accepts the recommendation as to those claims.

The Court has conducted a de novo review of the portion of the recommendation to which an objection was made. Specifically, the Court has reviewed the relevant portions of plaintiff's complaint;

2

the relevant portions of defendant's motion to dismiss; the magistrate judge's recommendation; and defendant's objection. As part of its review the Court has also reviewed case law pertinent to defendant's objection.

Defendants' discussion of the Eighth Amendment's prohibition of "deliberate indifference" to an inmate's serious medical needs is not substantively different from the magistrate judge's discussion of the same topic. Defendants' description of plaintiff's factual allegations supporting his deliberate indifference claim, *see* ECF No. 33 at 7, is incomplete at best. As the magistrate judge noted, but defendants' objection does not, plaintiff alleged that inmates at the Sterling Correctional Facility experiencing symptoms of the virus have been turned away from the infirmary; inmates who have tested positive have been placed back in the same pod within the same cells; inmates have not been provided a means of properly washing their face masks; they have not been provided soap on a consistent basis; there is no social distancing; and inmates have been tested for COVID-19 only once.. *See* ECF No. 30 at 6, 21. Those allegations might not be accurate. Indeed, plaintiff's own complaint alleges that he has been tested four times, and I suspect that others of his allegations might prove to be equally faulty. But for purposes of a motion to dismiss under Rule 12(b)(6), the magistrate judge and now this Court must both construe the plaintiff's pleading liberally (because he is pro se) and accept the factual allegations as true.

Defendant asserts that plaintiff has not alleged that they acted with the purpose of causing him unnecessary pain. ECR No. 33 at 7. The magistrate judge correctly held that to prevail on his Eighth Amendment claim, plaintiff will have to prove that they were "subjectively aware of a substantial risk to the plaintiff's health or safety and acted in purposeful disregard of that risk." ECF No. 30 at 15. To be sure, that's a tall order, and given preventative and corrective measures that the CDOC claims to have implemented, I suspect plaintiff might have a difficult time providing the proof. However, it usually can be shown only by circumstantial evidence, that is, by reasonable inferences drawn from the direct evidence. If the facts asserted by the plaintiff can be shown to have occurred, and that defendants did not respond reasonably to those problems, then a reasonable jury could infer that defendants purposefully disregarded a substantial risk to plaintiff's health or safety.

Defendants argue that the magistrate erred in declining to take judicial notice of the "Frequently Asked Questions" published on a government website. Even assuming, without deciding, that I could properly take judicial notice of that document, and further that I could consider it for its truth, that merely would show that there are two sides to the story at this stage. The same can be said of the Governor's Executive Orders. In order to survive the summary judgment stage, plaintiff will have to come forward with evidence beyond his mere allegations to show that these three defendants, in their official capacity, have not acted in a reasonably timely manner to implement reasonable measures to counter the virus.

COVID-19 has reportedly taken more than half a million lives in the U.S. alone despite measures that have been recommended and implemented. The difficulties faced by those who must manage a pandemic in a prison environment are particularly great. Plaintiff has apparently avoided the virus so far, despite his criticisms of the facility's actions, and his success may be due in part to the measures the facility has implemented. As I have said, plaintiff faces a tall hurdle in getting by the next stage of the case. But, based on my de novo review, I do not disagree with the magistrate judge's thoughtful analysis of the issues at the motion to dismiss stage.

**ORDER**

1. The recommendation of the magistrate judge, ECF No. 30, is ACCEPTED AND ADOPTED.

2. Defendants' motion to dismiss, ECF No. 20, is GRANTED IN PART AND DENIED IN PART. Plaintiff's first claim, concerning his service in food services, is dismissed without prejudice. Plaintiff's claims for declaratory and injunctive relief (his only claims) against defendants in their individual capacities are dismissed with prejudice. Plaintiff's claims related to the fact or duration of his imprisonment are dismissed with prejudice. That leaves only plaintiff's claim under § 1983 for deliberate indifference in violation of the Eighth Amendment based on the alleged actions of the defendants in their official capacity to implement measures reasonably designed to protect plaintiff from COVID-19. The motion to dismiss is denied solely with respect to that claim.

3. Plaintiff's motion for a temporary restraining order, ECF No. 39, is DENIED. The purports to seek relief against entities or individuals not named as defendants in the Complaint. It challenges his

placement in administrative segregation, as issue not the subject of his Complaint. It also requests an order that all inmates be given an anti-body test "to determine whether we had Covid-19." *Id.* at 5. Plaintiff may only speak for himself, and his own pleadings show that he has been given at least four COVID tests. Suffice it to say that the motion provides no basis for the "temporary restraining order" he seeks.

4. The parties are directed to submit a proposed Scheduling Order within 14 days.

DATED this 22nd day of March, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge