IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02116-RBJ-NYW

LOUIS PEOPLES JR.,

    Plaintiff,

v.

JEFF LONG, Warden,
DENNY OWENS, Major, and
CYRUS CLARKSON, Captain,

    Defendants.

---

ORDER on SECOND MOTION TO DISMISS

---

    Defendants move to dismiss the remaining claim in which plaintiff alleges that staff at the Sterling Correctional Facility ("SCF") have failed to implement adequate procedures to protect him from contracting COVID-19. Plaintiff opposes the motion and also requests leave to amend his complaint. The Court referred the motions to a magistrate judge who has recommended that the motion to amend be denied, and that the motion to dismiss be granted. No objections have been filed. The Court now accepts the recommendations for the reasons set forth herein.

## BACKGROUND

    Mr. Peoples is an inmate at SCF, a part of the Colorado Department of Corrections ("CDOC"). Representing himself pro se, he asserted two Eighth Amendment claims against the defendants, who are employees of the facility: (1) that they forced him to work in the facility's kitchen during the COVID-19 pandemic, despite his age (66) and medical condition (asthma, heart disease, diabetes, epilepsy, hypertension, and vision impairment); and (2) that they failed to

1

implement adequate measures to protect him (and other inmates) from the disease. He sought declaratory and injunctive relief. ECF No. 1. He sought declaratory and injunctive relief, namely, to enjoin defendants from forcing him to work in the kitchen, and to require implementation of an "adequate classification system for vulnerable inmates during this pandemic and in the future." *Id.* at 9-10. He also requested an order of compassionate release to home confinement. *Id.* at 10.

Defendants moved to dismiss the first claim under Rule 12(b)(1) as moot because Mr. Peoples had been removed from kitchen duties. They requested dismissal of the second claim under Rule 12(b)(6) for failure to state a claim, based on certain information outside the pleadings that showed that the facility had implemented a number of measures to counter the spread of COVID in the facility. ECF No. 20. The motion was fully briefed, and the Court referred the motion to United States Magistrate Judge Nina Y. Wang for a recommendation. She recommended that the first claim be dismissed without prejudice for lack of standing; that the second claim be dismissed with prejudice insofar as it asserted claims against the defendants in their individual capacities; that any relief sought by the plaintiff related to the fact or duration of his imprisonment (which was raised in his response to the motion, not in his complaint) be dismissed with prejudice; but that plaintiff's § 1983 claim for deliberate indifference in violation of the Eighth Amendment related to defendants' failure to implement adequate preventative measures to protect him from COVID-19 be permitted to proceed. ECF No. 30.

Defendants filed a timely objection to the latter recommendation. ECF No. 33. No objection to any other part of the recommendation was filed. The Court conducted a de novo review of the portion of the recommendation to which defendants objected. The Court acknowledged some concern about the accuracy of plaintiff's factual allegations but, construing

2

plaintiff's pleading liberally, denied defendants' objection and accepted the magistrate judge's recommendation. ECF No. 40 at 3. The Court dismissed plaintiff's first claim without prejudice. The Court dismissed plaintiff's second claim with prejudice to the extent that it sought declaratory and injunctive relief against the defendants in their individual capacities and to the extent that it related to the fact or duration of his imprisonment. However, it denied the motion to dismiss to the extent that the second that defendants in their official capacity had been deliberately indifferent in violation of the Eighth Amendment by failing to implement measures reasonably designed to protect him against COVID-19. *Id.* at 4.

In the pending motion defendants seek dismissal of the second claim for lack of standing pursuant to Rule 12(b)(1), because Mr. Peoples has received both doses of the Moderna vaccine, "the best protection against COVID-19 that is currently available to anyone regardless of whether they are incarcerated." ECF No. 50 at 3. Alternatively, pursuant to Rule 12(c), defendants request judgment on the pleadings due to the class settlement between a class of CDOC inmates represented by the ACLU and the CDOC. *Winston v. Polis,* No. 20cv31823 (Denver Dist. Ct). The settlement required the CDOC to implement procedures consistent with the standards of the Center for Disease Control and under the guidance of an independent consultant including hygiene, sanitization, cleaning, making, testing and treatment protocols. *See* ECF Nos. 50-1, 50-2, and 50-4 (order certifying class and approving settlement; settlement agreement; and consent decree). In exchange the class released the CDOC and its staff from all forms of non-monetary relief including declaratory and injunctive relief. *See* ECF No. 50-2 at 2. The settlement included monitoring and dispute resolution procedures. The Court referred this motion to the magistrate judge for a recommendation. ECF No. 51.

Defendants also moved to stay discovery pending resolution of the second motion to dismiss. ECF No. 52. The Court referred that motion to the magistrate judge. ECF No. 53. Judge Wang granted the motion to stay. ECF No. 66.

In response to the second motion to dismiss, Mr. Peoples, assisted by a Christopher Lee Ashley, states that he was only immunized 10 months after filing his complaint. ECF No. 58 at 3. He notes that despite his age and medical condition he was (formerly) assigned to the kitchen. *Id.* He argues that his claim is not moot because violations are likely to recur, since vulnerable inmates over the age of 60 are still being assigned to the facility's kitchen. *Id.* at 6. He states that the class action settlement does not bar his claim which arose six months before the settlement. *Id.* at 8.

In reply defendants note that they are not claiming mootness based on plaintiff's having been removed from the kitchen, which the subject of his first claim that was previously dismissed. ECF No. 64 at 3. Rather, they claim mootness because there is no remedy the Court can grant that provides greater protection than the vaccination he has received. The implication that a more contagious variant might develop that would hospitalize inmates despite their immunization, while possibly true, does not show that the conditions of which plaintiff complains are capable of repetition, yet evading review. *Id.* at 4. Plaintiff's argument that the *Winston* settlement didn't consider his arguments concerning kitchen duty relies on his first claim that was dismissed. Defendants note that plaintiff has not denied that he is a member of the *Winston* class and is entitled to the benefits of the settlement. *Id.* at 6.

Following receipt of defendants' reply, Mr. Peoples moved to amend his complaint to include claims against the Governor, the CDOC, the CDOC's Executive Director, and multiple CDOC employees. ECF No. 73. He acknowledges here that he has received vaccination and

4

booster injections. The motion focuses on the then-new Delta Variant. The gist of plaintiff's proposed amendments is that it is a violation of the Eighth Amendment to house inmates who have been vaccinated in the same facility as those who have not been vaccinated. The Court referred the motion to amend to the magistrate judge for a recommendation.

On December 13, 2021, Magistrate Judge Wang issued a 44-page order in which she recommended that the second motion to dismiss be granted, and that plaintiff's motion to amend be denied. ECF No. 77. The recommendation advised the parties that they may serve and file written objections to the recommendation within 14 days after service of the recommendation. *Id.* at 43. No objection was filed within that time period or thereafter.

## STANDARD OF REVIEW

This Court reviews de novo any timely objection to a magistrate judge recommendation on a dispositive motion. Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## CONCLUSIONS

Notwithstanding the lack of an objection the Court has conducted what amounts to a de novo review of the motion by reviewing the prior history of the case, the motions and briefing, and Judge Wang's extensive analysis in her recommendation order. The Court recognizes and respects plaintiff's understandable concerns about contracting COVID-19 or one of its variants. It is a concern affecting all of us. However, the possibility of becoming infected is likely greater in a confined institutional setting despite the substantial efforts of the prisons to vaccinate and otherwise protect inmates, particularly with more vulnerable inmates like Mr. Peoples.

In her recommendation, Judge Wang begins by retracing the history of the case, including historical information about COVID infections at the SCF and the CDOC's responses in general and with respect to Mr. Peoples individually. She acknowledged that defendants initial decision to assign Mr. Peoples to kitchen duties was problematic, and that defendants initially failed to respond to his pleas to be removed from the food services roster. She acknowledged as well that Mr. Peoples' complaint extended beyond that duty assignment and included concerns about cell assignments, hygiene issues, masking, and testing inmates only once. ECF No. 77 at 2-5. She also traced in detail the procedural history of the case. *Id.* at 6-9.

Next the recommendation discusses the legal basis for a second motion to dismiss, i.e., courts' duty to determine their subject matter jurisdiction, including mootness, before addressing the substantive merits of the case (Rule 12(b)(1)), and the factors that courts may consider in evaluation a motion for judgment on the pleadings (Rule 12(c)). *Id.* at 9-13, 19 n.11. Having reviewed her discussion of the procedural issue, I find no clear error. On the contrary, I find that her analysis of the issue was thorough and correct.

Turning to the specific issues framed in the briefing, Judge Wang properly considered, in the Rule 12(b)(1) context, the documentation of plaintiff's vaccinations. *Id.* at 13-14. Indeed, as I have noted, plaintiff has acknowledged immunization, apparently including a booster shot. Nevertheless, she concludes after reciting plaintiff's factual allegation that defendants have <u>not</u> met their "heavy" burden of establishing that plaintiff's claim is moot at this stage of the case. *Id.* at 15-16. Specifically, she notes that plaintiff's request for injunctive relief does not include vaccination; rather, he seeks to be single-celled and isolated from defendants' alleged lack of COVID-19 precautions. *Id.* at 16-19.

I note here that Judge Wang's analysis and citation of case authority goes well beyond the parties' briefs.  Mr. Peoples has represented himself pro se throughout this case, not an easy task.  Twice in this case Mr. Peoples moved for appointment of counsel, motions that Judge Wang and this Court denied in this civil action.  *See* ECF Nos. 3, 8, 48 and 49.  I find that the magistrate judge has construed plaintiffs' pleadings liberally and has gone the "extra mile" to research the applicable law.

Turning to the second issue, the recommendation explains why the Count may take judicial notice of the *Winston* settlement documents and the benefits of the settlement to class members as found by the Denver District Court judge who approved the settlement.  *Id.* at 25-30. Judge Wang then listed the four elements of claim preclusion (finality of judgment, identity of subject matter, identity of claims for relief, and identity or privity between parties to the actions). *Id.* at 30.  Judge Wang found that plaintiff, a 66-year old CDOC inmate who suffers from several of the medical conditions of concern, is a member of the *Winston* settlement class (a fact that he has admitted).  *Id.* at 31.  His remaining (second) claim for relief "falls squarely within the release clause by seeking injunctive and declaratory relief 'for deliberate indifference in violation of the Eighth Amendment based on the alleged actions of the defendants in their official capacity to implement measures reasonable designed to protect plaintiff from COVID-19,' which clearly 'pertain to the measures taken by CDOC, or lack thereof, in response to the COVID-19 Pandemic' under the Settlement Agreement."  *Id.* at 31 (citations to the parties' pleadings omitted).  The recommendation acknowledges plaintiff's "collateral attack" on the *Winston* settlement as not adequately representing his interests.  But it expressly and in detail finds that all four elements of claim preclusion have been established.  *Id.* at 32-42.

Finally, with respect to plaintiff's motion to amend his complaint, Judge Wang finds that the proposed amendment would be futile, because it would reassert the claims already at issue in the case. *Id.* at 43.

Having reviewed the briefs and the recommendation, this Court now finds that it contains no clear error of fact or law. On the contrary, it is a thoughtful and carefully researched discussion of the issues.

## ORDER

1. The recommendation of the magistrate judge, ECF No. 77, is ACCEPTED AND ADOPTED.

2. Defendants' second motion to dismiss, ECF No. 50, is GRANTED.

3. Plaintiff's motion to amend, ECF No. 73, is DENIED.

4. This civil action is dismissed with prejudice.

DATED this 10th day of January, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge